HOPE T. WILLIAMS *vs.* CLARENCE A. SMITH.

DECEMBER 31, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Embezzlement.   Criminal Complaint.   New Trial.*

Where there is no ground on which a jury could have found for the plaintiff except that the defendant embezzled the money of the plaintiff, as no criminal complaint had preceded the bringing of the action under Gen. Laws, cap. 233, § 16 (in force at the time the cause of action accrued), a new trial will be granted.

(2)   *Pleading and Practice.   Actions.   Guardian and Ward.*

An action in behalf of a person of full age, brought in her name by the guardian of her person and estate, is in proper form.

ASSUMPSIT.   Heard on exceptions of defendant, after denial of his petition for new trial by Superior Court.   Case remanded to Superior Court with direction to enter judgment for defendant as of nonsuit.   The writ was in the following form:

"Hope T. Williams, of the city and county of Providence, State of Rhode Island, by James N. Smith, of said Providence, as guardian of the person and estate of said Hope T. Williams, complains, etc."

PER CURIAM. There is no ground on which the jury could have found for the plaintiff upon the evidence in this case, except that the defendant embezzled the money of the plaintiff. It must have been found either that the defendant was party to a scheme by which the plaintiff was induced to sign orders in his favor, intending to appropriate the proceeds to his own use, or that, being intrusted as her agent to procure money from various banks and deliver the same to her, he feloniously appropriated the same.

The statute in force at the time the cause of action accrued— Gen. Laws, cap. 233, § 16—required a criminal prosecution to be commenced in such a case before a civil action could be brought, and as no such criminal complaint preceded the commencement of this action, the verdict can not stand.

As the case may be brought again after criminal complaint is made, we may say that the commencement of the writ and of the declaration are in proper form, as held in *Hamilton* v. *Colwell*, 10 R. I. 39.

The other exceptions need not be considered, as they apply only to procedure in the present case.

The case is remanded to the Superior Court, with direction to enter judgment for the defendant as of nonsuit.

*Irving Champlin and James Harris*, for plaintiff.

*Marquis D. L. Mowry and Louis L. Angell*, for defendant.